

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | 10-CR-00325-PMP-RJJ |
|---|---|
| Plaintiff, | |
| vs. | **ORDER FOR COMPLEX CASE SCHEDULE PURSUANT TO LCR 16-1(a)** |
| COREY THOMPSON, | |
| Defendant. | |

The Indictment in this case was returned by a federal Grand Jury seated in Las Vegas, Nevada, on June 22, 2010. (Docket # 1).

Defendant Thompson was arraigned and entered pleas of Not Guilty on June, 25, 2010. (Docket # 6).

The case presents complex and novel issues of fact and law in that the Indictment charges Defendant Thompson with causing the death of Arlene McMillian through the use of a firearm, during and in relation to drug trafficking crimes, in violation Title 18, United States Code, Sections 924(c) and (j). (Docket # 6).

18 U.S.C. § 924(j) is a death penalty eligible offenses. See 18 U.S.C. § 3591. Because defendants Thompson is charged with a death penalty eligible offense, the government must comply with the Department of Justice's "death penalty protocol." See United States Attorneys' Manual, § 9-10.000 et seq. The protocol includes a recommendation by the United States Attorney on whether or not to seek the death penalty. Defense counsel has the opportunity to present facts, including mitigating factors, to the United States Attorney for consideration. A Department of Justice review committee then reviews the United States Attorney's recommendation and provides defense counsel the opportunity to present mitigating evidence. The review committee then makes its own recommendation to the Attorney General who makes the final decision about whether the death penalty will be sought by the government.

1   Counsel for Defendant Thompson needs appropriate time to prepare for their presentation
2   to the United States Attorney.
3   The time needed to complete the Department of Justice's "death penalty protocol" is properly
4   excluded under the Speedy Trial Act. See United States v. Murillo, 288 F.3d 1126 (9th Cir. 2002)
5   (holding that the Department of Justice's death penalty protocol is a "valid reason to grant an ends
6   of justice continuance" under 18 U.S.C. § 3161 (h)(8)(A)); United States v. Mathis, 96 F.3d 1577,
7   1581 (11th Cir. 1996) (same).
8   To date, the government has provided initial discovery in this case that involved production
9   of evidence which falls under Fed. R. Crim. P. 16; that is, defendant's statements, field interview
10  information, and incident reports. However, the results of forensic analysis are pending, and the
11  parties cannot agree on the discovery of witness statements (Jencks) and concommitent impeachment
12  evidence (Giglio) during the preauthorization process. Below is a schedule on which the parties have
13  agreed:
14  Based on the above facts and foregoing motion, IT IS THEREFORE ORDERED:
15  1. The Trial Date(s):
16  The parties agree to a trial setting on or about October 3, 2011, and anticipate that trial will
17  proceed for up to four weeks.
18  2. The Initial Discovery Phase.
19  The parties propose that the government shall continue to meet its obligation, to disclose and
20  provide the following:
21   a. all statements, documents, and objects, including audio and video recordings,
22      required to be disclosed under Federal Criminal Rules of Procedure 16(a)(1)(A)-
23      (F).
24   b. all search warrants, orders authorizing the interception of wire, oral or electronic
25      communications, and supporting affidavits, that relate to evidence that may be
26      offered at trial;
27   c. all police or investigative reports that relate to the charges in the Superseding
28      Indictment.

3. <u>The Discovery Motions Schedule To Resolve Any Discovery Disputes.</u>

The parties acknowledge a duty to make good faith efforts to meet and confer with each other to resolve informally any dispute over the scope, manner and method of disclosures before seeking relief from the Court. A breach of the duty to meet and confer, by either party, may serve as a basis to grant or deny any subsequent motion for appropriate relief made before the Court. If the parties are unable to agree or resolve disputes after good faith efforts to do so, the parties propose the following discovery pretrial motions schedule:

    a. Preauthorization Motions, that is, all motions related to the Death Penalty Protocol, shall be filed on or by October 15, 2010.

    b. Responses to Preauthorization Motions shall be filed on or by October 29, 2010.

    c. Replies to Preauthorization Responses shall be filed on or by November 8, 2010.

    d. Defendant shall submit to the United States Attorney his Memorandum relative to Preauthorization on or by March 31, 2011.

    e. The United States Attorney shall meet with counsel for Defendant regarding Preauthorization on or by April 29, 2011.

    f. The United States Attorney shall submit his recommendation concerning death penalty eligibility to the United States Department of Justice on or by May 31, 2011.

    g. Pretrial Motions, that is, all motions related to Trial in this case, including notices of any defenses under Rules 12.1, 12.2 and 12.3, joinder, and severance under Rule 8 of the Federal Rules of Criminal Procedure, shall be filed on or before July 5, 2011.

    b. Responses to Pretrial Motions to be filed on or before July 15, 2011; and

    c. Replies to Pretrial Motions to be filed on or before July 30, 2011.

4. <u>The Second Discovery Phase</u>

The parties propose that NO LATER THAN 30 DAYS BEFORE TRIAL:

    a. the government will provide expert disclosures as required under Federal Rule of Criminal Procedure 16(a)(1)(G);

   b. Defendant will comply with his obligation to provide reciprocal discovery and provide all documents, objects and reports of examination required under Federal Rule of Criminal Procedure 16(b)(1)(A) and (B).  Defendant will provide discovery pursuant to Rule 16(b)(1)(C) concerning expert witnesses NO LATER THAN 30 DAYS BEFORE TRIAL.

5. The Third Discovery Phase

The parties propose that NO LATER THAN 10 DAYS BEFORE TRIAL:

   a. the parties will disclose any summaries, charts or calculations that will be offered in their respective case-in-chief at trial;

   b. the parties will identify recordings, transcripts of recordings, or portions thereof, that will be offered in their respective case-in-chief at trial.

6. Supplemental Motions.

The parties agree that any supplemental motion can be filed upon a showing of good cause as determined by the Court.  These motions shall be based on issued unforseen to the parties at the time this agreement was filed.

_____
The Honorable Philip M. Pro

Oct. 4, 2010