UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:10-CR-00325-PMP-RJJ |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| COREY THOMPSON, | ) | |
| Defendants. | ) | |

Before the Court for consideration is Defendant Thompson's Motion for Preauthorization Discovery (Doc. #32) filed on November 23, 2010. The Government filed a Response to Defendant's Motion (Doc. #39) on December 22, 2010, and Defendant filed a Reply Memorandum (Doc. #44) on January 12, 2011. On January 25, 2011, the Court conducted a hearing (Doc. #45) at which the Court directed the parties to submit supplemental memoranda to the Court by February 8, 2011, and further Ordered that Plaintiff United States submit the withheld discovery materials at issue to the Court for ***In Camera*** review.

On February 8, 2011, Defendant filed a supplemental memorandum in support of Defendant's Motion for Preauthorization Discovery (Doc. #47). Also on February 8, 2011, Plaintiff United States submitted for the Court ***In Camera*** review certain withheld material related to Defendant's discovery request.

///

///

By Defendant's Motion for Preauthorization Discovery (Doc. #32), Defendant Thompson seeks an Order requiring the Government to produced discovery relevant to the impending decision of the United States Attorney whether to recommend that the Attorney General of the United States authorized a death penalty prosecution of Defendant Thompson.  Defendant Thompson further seeks the Government to immediately disclose exculpatory and impeaching information in its possession in accord with <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150, 154, (1972).

The Government responds that Defendant Thompson seeks production of more discovery than the Government is required to produce under 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure.  The Government further states that it has provided all <u>Brady</u> material and that it recognizes its duty to continue to produce additional exculpatory evidence should it be discovered.  The Government, however, objects to the production of witness statements not only because it is not required by law, but because disclosure of various witness statements would seriously endanger the safety of Government witnesses and their families, given the nature and circumstances of the crime charged against Defendant Thompson, and the criminal history and gang affiliation of Defendant.

Defendant is no doubt correct that the strength of the Government's case is a factor that the Attorney General and the Department of Justice's Review Committee on Capital Cases may consider in evaluating whether to authorize a death penalty prosecution in this case.  That fact, however, does not create any substantive discovery or procedural rights requiring the Government to produce materials which may be relied upon by the Attorney General of the United States or the Department of Justice's Review Committee in making the prosecution decision.  <u>United States v. Fernandez</u>, 231 F.3d 1240, 1246 (9th Cir. 2000).

The Court has reviewed, *In Camera*, the materials produced by the Government including witness statements, evidence of prior convictions of potential witnesses and other information arguably relating to the credibility of some of the potential witnesses in this case. All of this information is, of course, in the possession of the Department of Justice and the Attorney General of the United States. The fact that Plaintiff United States may consider these materials in making its prosecution decision whether to seek the death penalty, does not create an independent basis for discovery on behalf of Defendant Thompson, notwithstanding the fact that Defendant Thompson would undoubtedly find the information helpful to his defense against the Government's case-in-chief at the time of trial. This case is not on the eve of trial, or proximate to a trial date. There will be ample opportunity for the Government to comply with the requirements of the Jencks Act, Brady/Giglio, and any other discovery obligations resting on the shoulders on the prosecution in connection with the trial of this case. Notwithstanding, the Government's continuing obligation to comply with all applicable law concerning the timely production of discoverable material in connection with the trial of this case, the Court finds Defendant's Motion for Preauthorization Discovery (Doc. #32 ) lacks merit at this stage of the proceedings.

**IT IS THEREFORE ORDERED that** Defendant Corey Thompson's Motion for Preauthorization Discovery (Doc. #32) is **DENIED**.

**IT IS FURTHER ORDERED that** the materials submitted by the Government for *In Camera* review on February 8, 2011, shall be retained by the Clerk of Court in a sealed condition as part of the permanent record in this case.

///

///

///

**IT IS FURTHER ORDERED that** Government counsel shall ensure that a copy of this Court's Order is included as part of the Government's presentation to the United States Attorney and the Attorney General of the United States in connection with the determination whether to authorize a death penalty prosecution in this case.

DATED: February 23, 2011.

_____
PHILIP M. PRO
United States District Judge