UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:10-CR-00325-PMP-RJJ |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| COREY THOMPSON, | ) | |
| Defendants. | ) | |

Before the Court for consideration are Defendant Thompson's fully briefed Motion for Discovery (Doc. #63), and Motion for Court to Order the Government to Provide Rule 404(b) Notice (Doc. #76). The Court has conducted hearings regarding the foregoing motions, and has reviewed <u>in camera</u> submissions by the Government relating to several potential witnesses in this case. Counsel for the Parties have separately conferred in an effort to craft a mutual agreeable Protective Order and Non-Disclosure Agreement which would accommodate the legitimate interest of counsel for Defendant to obtain certain discovery important to the preparation of Defendant's case, while at the same time accommodating the equally legitimate concerns of Plaintiff United States to protect the safety and availability of potential witnesses who may be called to testify at trial in this case.

The earnest efforts of counsel have resulted in the submission of separate Proposed Protective Orders and Non-Disclosure Agreements (Docs. #87, #89 and #90). At the hearing conducted May 14, 2012, counsel highlighted the remaining

areas of disagreement which essentially focus on the timing of disclosure by the Government to the Defense of witnesses and witness statements; whether the identifying information should include the social security number and date of birth of each witness if known by the Government; and whether counsel for Defendant or his investigator can show copies of reports prepared by law enforcement officers to witnesses who consent to be interviewed by the Defense.

Trial is set to commence on Monday, July 23, 2012.  To balance the legitimate concerns of the Parties regarding the production of discovery, and the safety of witnesses, and having considered the arguments of counsel and the <u>in camera</u> submissions of the Government regarding witness security, the Court hereby **GRANTS** Defendant's Motion for Discovery (Doc. # 63), and Motion for Court to Order the Government to Provide Rule 404(b) Notice (Doc. # 76), and **ORDERS** the production of discoverable information subject to the terms and conditions of the Protective Order and Non-Disclosure Agreement attached hereto.

**IT IS FURTHER ORDERED** that the discovery produced by the Government pursuant to the attached Protective Order and Non-Disclosure Agreement shall be made available to the Defense not later than June 15, 2012, and that, to the extent known by the Government, such disclosures shall include the full name and nicknames, date of birth, social security number, and last known address of each witness.

DATED: May 18, 2012

_____
PHILIP M. PRO
United States District Judge

# ATTACHMENT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:10-CR-00325-PMP-RJJ |
| Plaintiff, ) | |
| vs. ) | **PROTECTIVE ORDER** |
| COREY THOMPSON, ) | |
| Defendant. ) | |

**IT IS HEREBY ORDERED THAT:**

1. *Confidential Information Subject to a Non-Disclosure Agreement.* Upon receiving all executed Non-Disclosure Agreements from counsel for Defendant, the Government will provide to the Defense Team, as described below, the statements of its witnesses, as defined by the Jenks Act, 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2. The Government anticipates production of the witnesses' statements, designated herein as "Confidential Information," on or by June 15, 2012. "Witnesses" mean those persons whom the government anticipates it will call in its case in chief at trial, including any witnesses who will offer testimony that falls under Fed. R. Evid. 404(b). There are two exceptions to this disclosure, which the United States will submit to the Court in an ex parte, in camera Motion for Protective Order. With its early disclosure of confidential information to the Defense Team, the Government will also provide current criminal history reports of each witness and any

other information as required by <u>Giglio v. United States</u>, 405 U.S. 150 (1972), and its progeny.  The Government will also provide unredacted discovery of previously redacted material that identifies witnesses during the course of the investigation.  The Government shall also disclose the following identifying information concerning each witness, if known: the witnesses name, date of birth, last known address and telephone number.

2. *Discovery Production*.  Statements, documents, or other materials produced by the Government in connection with this Protective Order will be designated as Confidential Discovery by marking each page or thing produced in a manner similar to the following and shall contain the following:

**CONFIDENTIAL DISCOVERY**

3. *Restrictions on Use and Disclosure.* Except as subsequently agreed to by the Parties in writing in the Non-Disclosure agreement, or as otherwise ordered by the Court.  Confidential Discovery will be restricted in the following manner:

(a) All Confidential Discovery will be maintained in the strictest confidence by the Defense Team, which includes counsel for the Defendant, defense investigator(s), paralegal(s) and legal assistant(s), all of whom will execute the Non-Disclosure Agreement, incorporated herewith, agreeing to abide by its terms.  Executed Non-Disclosure Agreements will be filed with the Court along with Confidential Discovery, as provided below.

(b) Neither the Confidential Discovery nor the contents of the Confidential Discovery will be provided to the Defendant or to any other person or otherwise disclosed or disseminated.

(c) The Defense Team may use Confidential Discovery to frame questions to witnesses. In interviewing any person or in consulting publicly-available data sources, the Defense Team will make no reference to or display the Confidential Discovery. Rather, the Defense Team can explain their purpose by simply stating that they represent the Defendant in this case and are tracking down a lead to a possible witness and/or seeking information about witnesses. Any information learned during any such interview is confidential information.

(d) Such information will be kept under seal by the Clerk of this Court as follows:

> **THIS ENVELOPE CONTAINS INFORMATION SUBJECT TO THE AGREED PROTECTIVE ORDER ENTERED BY THE COURT IN THIS SUIT, AND IS NOT TO BE OPENED NOR THE CONTENTS DISPLAYED OR REVEALED EXCEPT BY ORDER OF THE COURT**

4. *Use at Pre-Trial Hearing.* Nothing in this Stipulated Protective Order will be construed as a limitation on the use or disclosure of Confidential information at any trial or hearing in this criminal proceeding. However, unless otherwise agreed to in writing by the Parties or ordered by the Court:

(a) A party will designate information disclosed at pre-trial hearing as Confidential Discovery by requesting the Court, at the time the information is proffered or adduced, to receive

|   |   |   |
|---|---|---|
| 1 | | the information only in the presence of those persons |
| 2 | | designated to receive such information and court personnel, |
| 3 | | and to designate the transcript appropriately. |
| 4 | (b) | If a party is considering using Confidential Discovery at a |
| 5 | | pretrial hearing, the part considering using such information |
| 6 | | will, prior to disclosing such information and in order to give |
| 7 | | the party that has designated the information an opportunity to |
| 8 | | object prior to such disclosure, advise the Court that it intends |
| 9 | | to disclose information that is subject to the provisions of this |
| 10 | | Order. |
| 11 | 5. | *Disclosure of Confidential Information*.  IN the event of an |
| 12 | | inadvertent disclosure of Confidential Discovery, the party making |
| 13 | | or learning of the inadvertent disclosure will immediately: |
| 14 | (a) | Notify the person to whom the disclosure was made that I |
| 15 | | contains Confidential Discovery subject to this Order; |
| 16 | (b) | Make all reasonable efforts to preclude dissemination or use |
| 17 | | of the Confidential Discovery by the person to whom |
| 18 | | disclosure was inadvertently make; and |
| 19 | (c) | Notify the Government and other Parties of the identity of the |
| 20 | | person to whom the disclosure was made, the circumstances |
| 21 | | surrounding the disclosure, and the steps taken to ensure |
| 22 | | against dissemination or use of the information. |
| 23 | (d) | Without limiting other remedies which may be available, if |
| 24 | | Confidential Discovery is disclosed in violation of this Protective |
| 25 | | Order, any party who learns of such a disclosure will forthwith |
| 26 | | inform the other parties of the disclosure, and |

        will make every effort to prevent any further disclosure violation of this Protective Order. The offending party will promptly notify the Court in writing, under seal.

6. *Violation.* Without limiting other remedies which may be available, if Confidential Discovery is disclosed in violation of this Protective Order, the party who learns of such a disclosure shall inform the other Parties of the disclosure, and shall make every effort to prevent any further disclosure in violation of this Protective Order.

7. *No Restriction on Information Independently Obtained or Publicly Available.* Nothing in this Order will be deemed in any way to restrict the use of information or documents which are lawfully obtained or publicly available to a party independently of the Confidential Discovery, whether or not the same material has been designated as Confidential Discovery.

8. *Rendering Advice.* Nothing in this Protective Order will bar or otherwise restrict counsel from rendering advice to their client with respect to the charges in the Indictment, and in the course thereof from relying in a general way upon their examination of the Confidential Discovery, provided, however, that in rendering such advice and in otherwise communicating with the client, counsel will not disclose the statements contained in or contents of the Confidential Discovery.

///
///
///
///

9. *Survival*. The terms and conditions of this Protective Order will remain in full force and effect until the Protective Order is terminated or modified by the Parties or by order of the Court.

DATED: May 18, 2012

_____
PHILIP M. PRO
United States District Judge

# ATTACHMENT 2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:10-CR-00325-PMP-RJJ |
| Plaintiff, ) | |
| vs. ) | **NONDISCLOSURE AGREEMENT** |
| COREY THOMPSON, ) | |
| Defendant. ) | |

I, _____, having been duly sworn on oath, state that information and/or documents which are to be disclosed to me by counsel of record for Corey Thompson, constitute Confidential Discovery and are to be used solely to assist me in preparing for trial in the matter of *United States v. Corey Thompson*, Case NO. 2:10-cr-00325-PMP-RJJ. I further acknowledge that a copy of the Protective Order entered by the Court has been provided to me, and that I have read it. I understand that it prohibits me from using the Confidential Discovery in any manner not expressly authorized by the Protective Order. To the extent I am given access to Confidential Discover, I will not in any way disclose, discuss, or exhibit such information except to those persons who (a) are authorized under the Protective Order to have access to such information and (b) have executed a Nondisclosure Agreement. I will timely return all Confidential Discovery, and

copies thereof, to counsel for the Defendant with whom I am associated.  I understand that the protective Order applies to me and that violation of the protective Order by making any disclosure other than as permitted by the Protective Order can result in sanctions, including contempt sanctions, being imposed by the Court.

      I agree to be bound by the protective Order in every respect and to be subject to the jurisdiction of the Federal District Court for the District of Nevada, for purposes of its enforcement and the enforcement of my obligations under this Nondisclosure Agreement.

      Dated this ____ day of _____, 2012.

                                                                             _____

Sworn to before me
this ____ day of _____, 2012.

_____
Notary Public

12