UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:10-CR-00325-PMP-RJJ |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| COREY THOMPSON, ) | |
| Defendant. ) | |

Before the Court for consideration is Defendant Corey Thompson's fully briefed Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #190). For the reasons set forth in the Government's Response (Doc. #194), the Court finds Defendant Thompson's Motion to Vacate (Doc. #190) must be denied.

Defendant Thompson advances six arguments in support of his motion. First, the Court finds that the signed Plea Agreement and colloquy with this Court at the time Thompson entered his plea of guilty demonstrates that Thompson had a full understanding of the nature of the charges as well as the potential consequences of his guilty plea. Second, because there is no statute of limitations for murder with a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 3281, the statute of limitations for prosecution of Thompson's predicate drug trafficking crime is irrelevant.

Third, Thompson's claim that he had a legal right to possess a firearm is irrelevant to this case. Fourth, by his Plea Agreement, Defendant Thompson has waived

any argument that an incorrect version of the United State's Sentencing Guidelines was employed.  Indeed, in his Plea Agreement, Thompson stipulated that the 2011 Sentencing Guidelines would be used to determine his sentence rather than the 2002 Guidelines that were in effect when Defendant Thompson murdered Arlene McMillian.  Further, for the reasons set forth in the Government's Response (Doc. #194) the Court finds Thompson's Fourth Claim is procedurally defaulted.  Fifth, Thompson's argument regarding the statute of limitations for prosecution of the offense of being a felon in possession of a firearm is irrelevant, because Thompson was not charged with being a felon in possession of a firearm nor sentenced for that crime.  Finally, Thompson's various and unspecific claims of violations concerning the disclosure of exculpatory and impeachment information are irrelevant and are waived by his guilty plea.

In sum, Defendant Thompson's arguments in support of his § 2255 Motion are without merit.

**IT IS THEREFORE ORDERED** that Defendant Thompson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. #190) is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is also **DENIED**.

DATED:  December 3, 2013.

PHILIP M. PRO
United States District Judge