# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES,

       Plaintiff,

vs.

COREY THOMPSON,

       Defendant.

Case No. 2:10-cr-00325-RCJ-RJJ

**ORDER**

Defendant moves under Fed. R. Civ. P. 60(b) for relief from this Court's judgment, which denied him relief under 28 U.S.C. § 2255. Because Defendant is relitigating his Section 2255 motion without obtaining a certificate from the Ninth Circuit, the Court denies the motion as a procedurally defective successive Section 2255 motion.

**FACTUAL BACKGROUND**

In 2012, Defendant pleaded guilty to using and carrying a firearm during and in relation to drug trafficking crimes and possessing a firearm in furtherance of such drug trafficking offenses resulting in death, in violation of 18 U.S.C. § 924(c)(1)(A) and (j). (ECF Nos. 180, 181.) This Court sentenced Defendant to 235 months of imprisonment. (ECF No. 189.) In 2013, Defendant timely filed his first motion to vacate his sentence under Section 2255. (ECF No. 190.) The Court

denied his motion and declined to issue a certificate of appealability. (ECF Nos. 195, 198.) The Ninth Circuit also declined to issue such a certificate. (ECF No. 200.)

Subsequently, Defendant filed three more motions under Section 2255. (ECF Nos. 202, 203, 216.) The Court denied all three for the same reason: Plaintiff had not obtained a certificate from the Ninth Circuit to file a successive Section 2255 motion, (ECF No. 205, 217), despite the fact that the Ninth Circuit explicitly informed Defendant of the relevant statutes and provided a standard form to make such a request, (ECF No. 215). To date, there is still no such certificate on this Court's docket.

Presently, Defendant moves for relief from the Court's denial of his initial Section 2255 motion, (ECF No. 190), under Rule 60(b).[1] (ECF No. 218.) He argues the Court's order is void because the Court erred in its ruling on multiple grounds. (*Id.*)

## LEGAL STANDARD

For a district court to consider a "second or successive motion" under Section 2255, the movant must obtain certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). A federal prisoner may not escape this rule by smuggling new Section 2255 claims under the guise of a Rule 60(b) motion. *United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). A Rule 60(b) motion presents a Section 2255 "claim" when it raises a "new ground for relief" or "attacks the federal court's previous resolution of a claim on the merits." *Gonzalez v. Crosby*, 545 U.S. at 532. On the other hand, a Rule 60(b) motion is valid inasmuch as it raises a "defect in the integrity of the federal habeas proceedings." *Id.*

---

[1] Defendant also moves for monetary sanctions because when the Government first mailed its response, it incorrectly listed Defendant's inmate number as "05257-048," instead of the correct number, "05257-748." (ECF No. 221.) When the mail was returned as undeliverable, the Government mailed the response to the correct number. (ECF No. 222.) This error does not merit sanctions, and the Court denies this motion.

## ANALYSIS

In his motion, Defendant argues that the Court's denial of his initial motion under Section 2255 is void because the Court did not address all of his claims and applied the wrong standard. He concludes that these failures void the order by violating his due process rights. However, the Court finds that Defendant is merely attempting to relitigate the same issues by "attack[ing] the federal court's previous resolution of a claim on the merits"—precisely what he may not do without a certificate from the Ninth Circuit to file a successive motion under Section 2255. *Gonzalez v. Crosby*, 545 U.S. at 532. Since Defendant does not have such a certificate, the Court dismisses this motion for a lack of jurisdiction.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's Motion for Relief from Judgment (ECF No. 218) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions (ECF No. 221) is DENIED.

IT IS SO ORDERED.

Dated July 8, 2020.

_____
ROBERT C. JONES
United States District Judge